UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

JASON P. ODOM ]
    Plaintiff, ]
     ]
v. ] No. 3:17-cv-0247
     ] Judge Trauger
DAVIDSON COUNTY SHERIFF'S ]
OFFICE (D.C.S.O.), et al. ]
    Defendants. ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Correctional Development Center for Men in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Davidson County Sheriff's Office and Metro Nashville General Hospital, seeking damages.

On November 28, 2016, the plaintiff slipped and fell on a wet floor. He was not allowed to move until medical personnel arrived on the scene. When they did, he was fitted with a neck brace and placed on a stretcher.

The plaintiff was transported to the Metro Nashville General Hospital where he was examined and x-rays were taken. He was returned to the Jail, placed in a wheelchair, and taken to the infirmary. Eventually, the plaintiff was returned to his cell and was issued a walker. The plaintiff alleges that he was not treated with respect and that he was apparently denied adequate medical care.

In order to establish a claim for relief under § 1983, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right or privilege

1

secured by the Constitution or laws of the United States. Parratt v. Taylor, 101 S.Ct. 1908, 1913 (1981).

The plaintiff has named the Davidson County Sheriff's Office as a defendant. A county sheriff's department is not a person that can be sued under 42 U.S.C. § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007), *see also* Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994).

Of course, giving this *pro se* pleading a liberal construction, the Court could construe the complaint as an attempt to state a claim against Davidson County, the entity responsible for the operation of the Davidson County Sheriff's Office. However, for Davidson County to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by the county. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state an actionable claim against the Davidson County Sheriff's Office.

The plaintiff also designates the Metro Nashville General Hospital as a defendant. There are, however, no allegations of misconduct on the part of the hospital. At best, the plaintiff has named this entity as a defendant because of the tortious conduct of an employee.

The plaintiff can not sue this defendant solely because of its status as a supervisor or employer. 42 U.S.C. § 1983 will not support a claim posed on a respondeat superior theory of liability. Polk County v. Dodson, 454 U.S. 312, 325 (1981). As a consequence, the plaintiff has

failed to state an actionable claim against this defendant as well.[1]

The plaintiff has failed to state a claim upon which relief can be granted from the defendants. When a prisoner proceeding in forma pauperis has failed to state a claim for relief, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Aleta A. Trauger
United States District Judge

---

[1] The plaintiff alleges that the medical staff at the Correctional Development Center for Men denied him a needed walker for several weeks. He also claims that an employee at the Metro Nashville General Hospital coerced him into agreeing to an unneeded rectal examination. While such claims might be actionable against the individuals involved, they are not actionable against the defendants named in this complaint.